IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE LEE JAYMES HORRIGHS,

                                        Plaintiff,                           OPINION and ORDER

                v.
                                                                             23-cv-89-jdp
ERIC PETERS and RYAN BLOUNT,

                                        Defendants.

---

Pro se plaintiff Jesse Lee Jaymes Horrighs alleges that officials at his former prison, Columbia Correctional Institution (CCI), failed to protect him from an assault by other prisoners. I allowed the complaint to proceed on an Eighth Amendment failure-to-protect claim for damages. Dkt. 7.

Defendants filed a motion for summary judgment in which they contend that Horrighs failed to exhaust administrative remedies, and to which Horrighs didn't respond. *See* Dkt. 14 and 15. I will grant the motion and dismiss this case without prejudice.

BACKGROUND

On December 6, 2022, defendant Ryan Blount (security director) approved special placement requests that Horrighs sought after two prisoners assaulted him on October 4, 2022. *See* Dkt. 16-2 at 8, 10. Blount added that the review committee would see Horrighs soon and determine where to send him. *Id.* at 10.

On December 18, 2022, Horrighs filed an inmate complaint contending that defendants failed to protect him from that assault. *Id.* at 8. The institution complaint examiner

rejected the complaint as untimely because Horrighs filed it more than 14 days after October 4, 2022, and determined that Horrighs made "no plea for good cause." *Id.* at 2.

On January 2, 2022, Horrighs appealed to the reviewing authority, vaguely contending that the inmate complaint and appeal were untimely because the inmate complaint had been "confiscated for no reason" to retaliate against him for filing it. *Id.* at 12. The reviewing authority rejected the appeal as untimely because Horrighs filed it more than 10 days after the institution complaint examiner rejected the inmate complaint. *Id.* at 6.

EXHAUSTION STANDARD

Under the Prison Litigation Reform Act, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013)

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo,* 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson,* 937 F.3d 1016, 1025 (7th Cir. 2019) ("We "take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *See Miles v. Anton,* 42 F.4th 777, 780 (7th Cir. 2022); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections (DOC) maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. The complaint process starts with a prisoner's filing of a complaint with the institution complaint examiner within 14 days after the

occurrence giving rise to the complaint. Wis. Admin. Code DOC § 310.07(2). At the discretion of the institution complaint examiner, "a late complaint may be accepted for good cause." Wis. Admin. Code DOC § 310.07(2). A prisoner "shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." Wis. Admin. Code DOC § 310.07(2).

The institution complaint examiner may reject a complaint if the prisoner submits it "beyond 14 days after the date of the occurrence giving rise to the complaint and provides no good cause for the [institution complaint examiner] to extend the time limits." Wis. Admin. Code DOC § 310.10(6)(e). The prisoner may appeal a rejected complaint within 10 days to the appropriate reviewing authority, who shall only review the basis for the rejection of the complaint, and whose decision is final. Wis. Admin. Code DOC § 310.10(10).

ANALYSIS

Defendants' evidence shows that Horrighs filed the inmate complaint more than 14 days after the assault and didn't explain why he filed it late. Horrighs provided a reason for the late filing in his appeal to the reviewing authority. But, because the DOC's grievance process required him to do that in the inmate complaint, the reasons provided in the appeal didn't exhaust administrative remedies. *See Pozo*, 286 F.3d at 1025; *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005) ("By failing to take advantage of the procedure offered by the [administrative review board] for reconsidering the grievance, [the prisoner] failed to exhaust his administrative remedies."). In any case, the reasons that Horrighs gave in the appeal are vague, and he didn't support them with an affidavit or declaration in this proceeding. *See* Dkt. 13 at 4–5, 7 (instructing Horrighs on how to submit affidavits to oppose a motion for

summary judgment). No reasonable juror could conclude that Horrighs had good cause for his untimely inmate complaint, or that this remedy was unavailable. *See Gabrielle M. v. Park Forest-Chi. Heights, Ill. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("[T]o withstand summary judgment, the non-movant must allege *specific* facts creating a genuine issue [of fact] and may not rely on vague, conclusory allegations." (emphasis in original)); *see also Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) ("[S]ummary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial."). Similarly, the reviewing authority rejected Horrighs's appeal as untimely and his vague allegations of retaliation fail to support a reasonable inference that he had good cause to file a late appeal or that this remedy was unavailable. Horrighs filed several other grievances at CCI, further showing that the administrative process was available to him. *See* Dkt. 16-1.

Horrighs doesn't make this argument, but one might contend that Horrighs didn't have any remedies to exhaust because Blount approved special placement requests for him after the assault. But Horrighs filed the inmate complaint *after* Blount approved those requests; this timing doesn't suggest that Horrighs "receive[d] all the relief that he request[ed] in his initial grievance." *Cf. Clark v. Syed*, No. 22-cv-327-jdp, 2023 WL 4930094, at *1 (W.D. Wis. Aug. 2, 2023). Horrighs was incarcerated at CCI when he filed the inmate complaint, so officials there could have taken further action to ensure his safety. Also, Horrighs's inmate complaint suggested that he was seeking damages, as he does in this case. *Cf.* Dkt. 16-2 at 8 (Horrighs's stating that he was "seeking legal action" despite Blount's approval of the special placement requests); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (prisoner must exhaust claim for monetary damages, even if the administrative process could not award such relief). A reasonable

juror could only conclude that Horrighs had available administrative remedies but failed to exhaust them.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 14, is GRANTED. This case is dismissed without prejudice for failure to exhaust administrative remedies.

2. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered October 19, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge